**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CENTRAL DIVISION**

| | |
|---|---|
| DICKERSON ENTERPRISES, INC., DICKERSON ENTERPRISES, INC., ESOP, JOHN DICKERSON, M.D. and STACY D. DICKERSON,<br><br>Plaintiffs,<br><br>vs.<br><br>M.R.P.I. CORPORATION, MARK ELDRIGE and RETURN ON LIFE, L.L.P.,<br><br>Defendants. | No. C 12-3025-MWB<br><br>**ORDER REGARDING PLAINTIFFS' MOTION FOR REMAND, FEES AND COSTS** |

_____

"Toto, I've a feeling we're not in Kansas anymore." Dorothy Gale in *the Wizard of Oz* (Metro-Goldwyn-Mayer 1939). Plaintiffs, having brought their case in Kansas state court, likely felt a bit like Dorothy in *Oz* when defendants removed their case to federal court in Iowa. Plaintiffs have moved to remand the action to Kansas state court, asserting that defendants have removed this case to the wrong federal district court.

## *I. INTRODUCTION AND BACKGROUND*

On February 23, 2012, plaintiffs Dickerson Enterprises, Inc., Dickerson Enterprises, Inc., ESOP, John Dickerson, and Stacy D. Dickerson filed a petition in the Eighteenth Judicial District, District Court for Sedgwick County, Kansas, against defendants M.R.P.I. Corporation ("M.R.P.I."), Mark Eldrige and Return of Life, L.L.P.

("Return of Life"). This lawsuit arises from a series of loans made by plaintiffs, a Kansas corporation and two Kansas residents, to M.R.P.I., an Iowa corporation, as well as plaintiffs' purchase of 65 units in Return of Life. Plaintiffs allege common law claims for breach of contract, breach of fiduciary duty, and fraud and misrepresentation against defendants.

On April 11, 2012, defendants, proceeding *pro se*, removed this action on the ground of diversity of citizenship, pursuant to 28 U.S.C. § 1441(a).[1] On April 26, 2012, plaintiffs filed their Motion for Remand, Fees and Costs (docket no. 4) in which they seek a remand of this case to Kansas state court, asserting that defendants have removed this case to the wrong federal district court.[2] Defendants filed a *pro se* resistance to plaintiffs'

---

[1] Eldrige signed the notice of removal in his personal capacity as well as in his official capacity as President of M.R.P.I. and managing partner of Return of Life. However, M.R.P.I., as a corporation, cannot proceed *pro se* in federal court. *See Rowland v. California Men's Colony,* 506 U.S. 194, 202 (1993)("It has been the law for the better part of two centuries that a corporation may appear in federal courts only through licensed counsel."). This rule applies even when the person seeking to represent the corporation is its president and major stockholder. *See Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985). It is unclear from the limited record before me whether Eldrige is an attorney. If he is not an attorney, he may not represent the interests of a corporation in federal court. *See Osei-Afriyie v. Medical Coll. of Pa.*, 937 F.2d 876, 883 (3d Cir. 1991).

[2] Plaintiffs also assert that defendants' removal was untimely, under 28 U.S.C. § 1446(b), because defendants had notice of plaintiffs' claims more than 30 days prior to the filing of their Notice of Removal. Plaintiffs' argument, however, is based on the erroneous assumption that defendants filed their Notice of Removal on April 11, 2012. However, the state court docket sheet clearly shows that defendants' Notice of Removal was filed on April 2, 2012. Because defendants were served on March 3, 2012, defendants Notice of Removal was timely, having been filed within 30 days after defendants were served.

motion on May 24, 2012, contending that defendants' removal of this case was proper. Plaintiffs have not filed a reply brief.

## II. LEGAL ANALYSIS

### A. Standards And Procedures Of Removal Jurisdiction

The removal statute, 28 U.S.C. § 1441, provides, in relevant part:

> any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, *to the district court of the United States for the district and division embracing the place where such action is pending*.

28 U.S.C. § 1441(a) (emphasis added).  In *McCorkindale v. American Home Assur. Co./A.I.C.*, 909 F. Supp. 646 (N.D. Iowa 1995), I summarized the principles applicable to a motion to remand as follows:  (1) the party seeking removal and opposing remand bears the burden of establishing federal subject matter jurisdiction; (2) a fundamental principle of removal jurisdiction is that whether subject matter jurisdiction exists is a question answered by looking to the complaint as it existed at the time the petition for removal was filed; (3) lack of subject matter jurisdiction requires remand to the state court under the terms of 28 U.S.C. § 1447(c); (4) the court's removal jurisdiction must be strictly construed; therefore, (5) the district court is required to resolve all doubts about federal jurisdiction in favor of remand; and, finally, (6) in general, remand orders issued under 28 U.S.C. § 1447(c) are not reviewable by appeal or writ of mandamus. *McCorkindale*, 909 F. Supp. at 650.

### B. *Application of Standards and Procedures*

As noted above, § 1441(a) expressly provides that the proper venue of a removed action is "the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). The District of Kansas is the district embracing Sedgwick County, Kansas, the place where this case was pending prior to removal. *See Polizzi v. Cowles Magazines*, 345 U.S. 663, 665 (1953) (noting that "[t]he Southern District of Florida is the district embracing Dade County, the place where this action was pending."); *Kerbo v. Southwestern Clean Fuels, Corp.*, 285 F.3d 531, 536 (6th Cir. 2002) ("There is only one federal venue into which a state court action may be removed, and that is in the statutorily dictated 'district court . . . for the district and division embracing the place where [the state court] action [was] pending.'") (quoting 28 U.S.C. § 1441(a)). Thus, defendants' removal of this case from state court in Kansas to federal court in Iowa was clearly improper. *See Peterson v. BMI Refractories*, 124 F.3d 1386, 1391 (11th Cir. 1997) (holding that case removed to the wrong district where defendant "did *not* remove the case to the 'district and division embracing the place where such action is pending.'"); *Addison v. North Carolina Dept. of Crime and Public Safety*, 851 F. Supp. 214, (M.D.N.C. 1994) (holding that defendants removed action to the wrong district court when they removed action to the Middle District of North Carolina "even though it was then pending in the state court within the boundaries of the Western District of North Carolina."); *Hoover v. Gershman Inv. Corp.,* 774 F. Supp. 60, 63 (D. Mass. 1991) (holding that defendant could not remove a state court action to a federal court sitting in a district and division other than where the state court action was pending). Because the removal was improper, I grant plaintiffs' request for remand and order this case remanded to the Eighteenth Judicial District, District Court for Sedgwick County, Kansas. *See Anton Leasing, Inc. v. Engram,* 846 F.2d 69, 1988 WL 33381, at *1 (4th

Cir. 1988)(unpublished decision) (noting the remand of case by district court where a *pro se* plaintiff removed an action from a Maryland state court to the Southern District of West Virginia); *Masey v. Craveonline Media, L.L.C.,* No. 09–1364, 2009 WL 3740737, at *1 (D. Ariz. Nov. 5, 2009) ("When a party removes a case to the improper district, that district court's appropriate response should be to remand the case back to the state court. . ."); *Addison v. North Carolina Dep't of Crime and Public Safety,* 851 F. Supp. 214, 217-18 (M.D.N.C. 1994)(remanding case removed to the wrong district).

### C. Attorneys Fees

Plaintiffs also move for costs and attorneys fees.[3] "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The Supreme Court has directed that: "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.,* 546 U.S. 132, 141 (2005). A litigant's *pro se* status does not prevent me from awarding attorneys fees. Defendants' improper removal caused plaintiffs to incur fees and costs to retain counsel in Iowa, in addition to Kansas counsel,

---

[3] Although the case is remanded, I will retain jurisdiction over the collateral issue of attorneys fees and costs under § 1447(c) for improper removal. *See Bryant v. Britt,* 420 F.3d 161, 165 (2d Cir. 2005) (holding that "a district court has jurisdiction to resolve a motion for fees and costs under § 1447(c) after a remand order has issued."); *see also Wisconsin v. Hotline Indus., Inc.,* 236 F.3d 363, 364 (7th Cir. 2000) (same); *Stallworth v. Greater Cleveland Reg'l Transit Auth.,* 105 F.3d 252, 257 (6th Cir. 1997) (same); *Mints v. Educational Testing Serv.,* 99 F.3d 1253, 1258–59 (3d Cir. 1996) (same); *Moore v. Permanente Med. Group,* 981 F.2d 443, 445 (9th Cir. 1992) (same).

to seek remand. A litigant's *pro se* status does not prevent a court from awarding attorney fees. *See Chase Manhattan Mortg. Corp. v. Smith,* 507 F.3d 910, 913–914 (6th Cir. 2007); *Topeka Hous. Auth. v. Johnson,* 404 F.3d 1245, 1248 (10th Cir. 2005). Defendants' removal of this case from Kansas state court to the Northern District of Iowa clearly violates § 1441(a) and is in no way "objectively reasonable." Accordingly, plaintiffs' request for just costs and attorneys fees is granted. Plaintiffs shall file an affidavit and supporting material to establish the amount of costs, including attorneys fees, that were expended in connection with their motion to remand, on or before August 12, 2012. Defendants' response, if any, must be filed on or before August 19, 2012.

### III.  CONCLUSION

For the reasons previously discussed, Plaintiffs' Motion for Remand, Fees and Costs is granted. Therefore, this case is remanded to the Eighteenth Judicial District, District Court for Sedgwick County, Kansas.

**IT IS SO ORDERED.**

**DATED** this 31st day of July, 2012.

_____
MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA