IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| DICKERSON ENTERPRISES, INC., DICKERSON ENTERPRISES, INC., ESOP, JOHN DICKERSON, M.D. and STACY D. DICKERSON,<br><br>　　　　　Plaintiffs,<br><br>vs.<br><br>M.R.P.I. CORPORATION, MARK ELDRIDGE and RETURN ON LIFE, L.L.P.,<br><br>　　　　　Defendants. | No. C 12-3025-MWB<br><br>**AMENDED ORDER REGARDING PLAINTIFFS' REQUEST FOR FEES AND COSTS ASSOCIATED WITH MOTION TO REMAND** |

_____

On July 31, 2012, I granted plaintiffs Dickerson Enterprises, Inc., Dickerson Enterprises, Inc., ESOP, John Dickerson, and Stacy D. Dickerson's Motion for Remand, Fees and Costs, and remanded this case to the Eighteenth Judicial District, District Court for Sedgwick County, Kansas. In doing so, I granted Plaintiffs' request for just costs and attorney fees and set a briefing schedule.[1] On August 13, 2012, plaintiffs filed affidavits

---

[1] Although the case was remanded, I retained jurisdiction over the collateral issue of attorney fees and costs under § 1447(c) for improper removal. *See Bryant v. Britt,* 420 F.3d 161, 165 (2d Cir. 2005) (holding that "a district court has jurisdiction to resolve a motion for fees and costs under § 1447(c) after a remand order has issued."); *see also Wisconsin v. Hotline Indus., Inc.,* 236 F.3d 363, 364 (7th Cir. 2000) (same); *Stallworth v. Greater Cleveland Reg'l Transit Auth.,* 105 F.3d 252, 257 (6th Cir. 1997) (same); *Mints v. Educational Testing Serv.,* 99 F.3d 1253, 1258–59 (3d Cir. 1996) (same); *Moore v. Permanente Med. Group,* 981 F.2d 443, 445 (9th Cir. 1992) (same).

and supporting materials in support of their requested amount of costs, including attorney fees, that they claim were expended in connection with their motion to remand. Defendants have not filed a timely response.

Plaintiffs request $3,263.25 in attorney fees and costs. In support of their request, plaintiffs have offered affidavits from both their Kansas and local counsel concerning the work they performed on plaintiffs' remand motion. Defendants have not disputed either plaintiffs' counsels' hourly rates or the amount of time claimed. I have examined counsels' affidavits, which set out in sufficient detail the work performed, the time spent, and the costs incurred as a result of defendants' removal. I find that the rates charged by plaintiffs' counsel are reasonable and consistent with the fees for similar services in this legal market. I also find, with one exception, that all the work detailed in the affidavits was necessary and the time spent reasonable. However, I conclude 5.20 hours for drafting the remand motion excessive and reduce the time for that project to 1.5 hours. Accordingly, I reduce plaintiffs' attorney fees request by $703. Therefore, pursuant to 28 U.S.C. § 1447(c), I award plaintiffs' attorney fees and costs against defendants, jointly and severally, in the amount of $2560.25.

**IT IS SO ORDERED.**

**DATED** this 6th day of June, 2013.

*Mark W. Bennett*
MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA